**ARIZONA CORPORATION COMMISSION, et al.,**
Petitioners

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**El Paso Natural Gas Company, et al., Intervenors.**

**No. 04–1123.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 20, 2005.

Janice M. Alward, Timothy James Sabo, Arizona Corporation Commission, Phoenix, AZ, John Postler Gregg, Miller, Balis & O'Neil, Richard M. Lorenzo, Harkins Cunningham LLP, Barbara Schneider Jost, Davis Wright Termaine LLP, James F. Moriarty, Fleischman & Walsh, Washington, DC, for Petitioners.

Cynthia Ann Marlette, Dennis Lane, Solicitor, Beth Guralnick Pacella, Attorney, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Robert Phillip Charrow, Crowell & Moring, Kenneth M. Minesinger, Greenberg Traurig, Paul Brent Mohler, Heller Ehrman LLP, Douglas Lincoln Beresford, Kevin J. Lipson, Hogan & Hartson, Wash-

ington, DC, Harvey Y. Morris, Public Utilities Commission of the State of California, San Francisco, CA, Frederick T. Kolb, Houston, TX, Katherine Bourke Edwards, John Paul Floom, Edwards & Associates, Alexandria, VA, John R. Ellis, Sempra Energy, Los Angeles, CA, Douglas Kent Porter, Southern California Edison Company, Rosemead, CA, for Intervenors.

Before: GINSBURG, Chief Judge, and EDWARDS and ROGERS, Circuit Judges.

### JUDGMENT

This cause was considered on the record compiled before the Federal Energy Regulatory Commission and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the petition be dismissed without prejudice to the ability of the petitioners to argue in El Paso Natural Gas Company's pending rate proceeding, F.E.R.C. Docket No. RP05–422–000, that neither the Commission's orders in the Capacity Allocation Proceeding, *see El Paso Natural Gas Co.*, 99 F.E.R.C. ¶ 61,244, 2002 WL 2013618 (2002); *El Paso Natural Gas Co.*, 104 F.E.R.C. ¶ 61,045, 2003 WL 22222700 (2003), nor the decision of this court in *Arizona Corp. Commission v. FERC*, 397 F.3d 952 (D.C.Cir.2005), precludes the argument that El Paso caused the capacity shortfall in 2000–01 by exercising market power to withhold capacity.

Petitioners' chief concern in bringing this case is that if they do not prevail here with respect to their non-preclusion argument, then they may be estopped from arguing in the subsequent rate proceeding that El Paso acted to withhold capacity on its pipeline. As a matter of prudence, this issue should not be resolved by the court unless it arises and is of consequence in the subsequent rate proceeding. To the

extent the Commission later precludes petitioners from raising arguments they have raised in the proceeding under review, they may seek redress in this court at that time.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.